FILED
11/5/21 2:20 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| ALL MATTERS RELATED TO NORTH AMERICAN COMPANY REFRACTORIES et al. in Case No. 02-20198, as affected by the May 24, 2013 Order Entering Final decree entered at Doc. No. 7940<br>*Debtor* | : : : : : : : | Misc. Case No. 15-00204-TPA<br>Chapter 11 |
| NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST<br>*Plaintiff,*<br>v.<br>HONEYWELL INTERNATIONAL, INC.,<br>*Defendant.* | : : : : : : : : : : : | Adversary No. 21-02096-TPA<br><br>Related to Doc. No. 112, 113 |
| HONEYWELL INTERNATIONAL, INC.,<br>*Plaintiff,*<br>v.<br>NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST<br>*Defendant.* | : : : : : : : : : : : | Adversary No. 21-02097-TPA<br><br>Related to Doc. No. 116, 117 |

## SUPPLEMENTAL PRETRIAL SCHEDULING ORDER

Currently for consideration before the Court are various ***Joint Discovery and Scheduling Stipulations*** filed at Doc. Nos. 112 and 113 in Adversary Proceeding No. 21-2096-TPA and Doc. Nos. 116 and 117 in Adversary Proceeding No. 21-2097-TPA, ("Stipulations").

1

Prior to the entry of the Stipulations, the Court had intended to convene a Zoom Chambers Conference involving Local Counsel for each of the Parties to advise them of the Court's anticipated additions to the *Pretrial Scheduling Order and 7016(f) Notice* filed in each of the above cases. To that end, on November 4, 2021, the Court convened a Zoom Chambers Conference to so advise the Parties as well as to express its appreciation and approval of their voluntary agreement regarding the additional deadlines as proposed in the *Stipulations*.

The Court arrived at its decision in this regard after further consideration of the extensive factual detail contained in each of the Complaints filed in the above Adversary Proceedings, now as augmented by the Parties' agreed upon detailed discovery schedule. It is clear to the Court that each Party is very aware of the relevant facts involved in this dispute and that a discovery period beyond that which the Court has already set forth is not necessary when weighed against the need for a prompt resolution on these pending matters. Therefore,

*AND NOW*, this *5th* day of *November, 2021*, upon consideration of each *Joint Discovery and Scheduling Stipulation* filed at Doc. Nos. 112 and 113 in Adversary Proceeding No. 21-2096-TPA and Doc. Nos. 116 and 117 in Adversary Proceeding No. 21-2097-TPA, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

(1)    The following Discovery Schedule as agreed to by the Parties in the *Stipulations* filed at Doc. No. 113 in Adversary Proceeding No. 21-2096-TPA and Doc. No. 117 in Adversary Proceeding No. 21-2097-TPA are hereby *APPROVED* as follows:

2

| Event | Date |
| --- | --- |
| Last Day for Motions to Apply Rule 26 (Court deadline) | November 1, 2021 (Mon.) |
| Responses to Complaints (Court deadline) | November 1, 2021 (Mon.) |
| Begin Rolling Document Productions | 30 Days After Service of Initial RFPs |
| Trust's Responses and Objections to Honeywell's First RFPs | November 6, 2021 (Sat.) |
| Service of Initial Witness List | November 10, 2021 (Wed.) |
| Last Day to Serve Document Requests (Including Third Party Document Requests) Subject to and without limitation of the additional 14 day period for certain discovery set out in paragraph 3 of the Consent Orders on the FCR's and TAC's Motions to Intervene. | November 10, 2021 (Wed.) |
| Substantially Complete Document Discovery | December 15, 2021 (Wed.) |
| Complete Document Discovery | December 22, 2021 (Wed.) |
| Exchange Privilege Logs | December 22, 2021 (Wed.) |
| Discovery Motion Deadline | January 7, 2022 (Fri.) |
| Conclude Fact Depositions | February 4, 2022 (Fri.) |
| Opening Expert Reports | February 9, 2022 (Wed.) |
| Rebuttal Expert Reports | February 23, 2022 (Wed.) |
| Conclude Expert Depositions | March 7, 2022 (Mon.) |
| Close of Discovery (Court deadline) | March 7, 2022 (Mon.) |
| Last Day for Preliminary Motions, Including Motions for Summary Judgment (Court deadline) | March 21, 2022 (Mon.) |
| Plaintiff's Portion of Pretrial Statement (Court deadline) | March 21, 2022 (Mon.) |

| Event | Date |
|---|---|
| Defendant's Portion of Pretrial Statement (Court deadline) | April 4, 2022 (Mon.) |
| Parties' Consolidated Pretrial Statement (Court deadline) | April 18, 2022 (Mon.) |
| Motions in Limine Deadline (Court deadline) | April 20, 2022 (Wed.) |
| Copy of Exhibits for Pretrial Conference Due to Court (Court deadline) | April 27, 2022 (Wed.) |
| Final Pretrial Conference (Court deadline) | May 2, 2022 (Mon.), 10 am EST, via Zoom |

(2) As noted above and set forth in the Court's prior Order in the above two cases, *discovery shall close on March 7, 2022*. Absent a showing of extraordinary cause not attributable to the party seeking an extension the March 7, 2022 close of discovery date will *NOT* be extended for any reason.

(3) Upon agreement of the Parties, certain provisions of *Fed.R.Civ.P. 26* will apply to both Adversary Proceedings as set forth herein.

    (a) By November 10, 2021, all Parties will exchange initial lists of individuals they intend to call at trial. The Parties' lists will cover trial on the merits on both Honeywell's complaint and the Trust's. Each Party must in good faith supplement its list as soon as practicable as the case progresses.

    (b) The Parties will disclose experts in the manner set forth in *Rule 26(a)(2)* on the timeframe agreed to between the Parties.

    (c) The provisions of *Fed.R.Civ.P. 26(b), (c), (d), (e), and (g)* apply to the extent they do not conflict with the Court's individual practices and orders.

4

(4) Trial of the above matters will be jointly held beginning on ***Monday, May 23, 2022*** and continuing through ***Friday, May 27, 2022***, if necessary, in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501. No additional time will be allotted for trial. At the Final Pretrial Conference the Court will consider the need for nighttime sessions as well as limiting each Parties' time to present its case during trial if necessary in order to timely conclude the taking of testimony.

(5) The Erie Federal Courthouse, the U.S. District Court for the Western District of PA and U.S. Bankruptcy Court for the Western District of Pennsylvania COVID Protocols, then in effect, will control the trial proceedings. In addition thereto and subject to further consideration at the time of trial, each Party will be limited as to physical presence in the Courtroom, that is Lead Counsel, a second chair and Local Counsel. The proceedings will be available via the Zoom platform for all other participants/observers.

(6) Going forward, any filings employing a joint caption will use the caption as set forth above with Adversary Proceeding 21-2096-TPA referenced first and Adversary Proceeding 21-2097-TPA referenced thereafter.

(7) Subject to Paragraph 2, above, the Court enters the schedule set forth herein, as agreed upon by the Parties which includes new deadlines in addition to deadlines already set by this Court. Going forward, if the Parties seek an extension of a date set by this Court, as indicated by the phrase "Court deadline" in the Chart as set forth in Paragraph 1, above, they must seek judicial intervention. If the deadline is not a "Court deadline," the Parties may agree to a new deadline without judicial intervention.

(8) The *Stipulation* filed at Doc. No. 113 in Adversary Proceeding No. 21-2096-TPA and the *Stipulation* filed Doc. Ns. 117 in Adversary Proceeding No. 21-2097-TPA are **STRICKEN AS MOOT.**

(9) Except as otherwise set forth herein, the terms of the *Pretrial Scheduling Order and 7016(f) Notice* dated October 8, 2021 remain in full force and effect as to both cases.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
    David Ross, Esq.
    Michael Kruszewski, Esq.
    George Snyder, Esq.
    Gary Nelson, Esq.