**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ALL MATTERS RELATED TO NORTH AMERICAN REFACTORIES COMPANY, et al. in Case No. 02-20198, as affected by the May 24, 2013 Order Entering Final Decree entered at Doc. No. 7940<br>      Debtors | Misc. Case No. 15-00204-TPA<br><br>Chapter 11 |
| HONEYWELL INTERNATIONAL INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST,<br><br>Defendant. | Adversary Proceeding No. 21-2097<br><br>Related to Doc. No. 164 |
| NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST<br>                Plaintiff,<br><br>   v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Adversary Proceeding No. 21-2096<br><br>Related to Doc. No. 158 |

**STATEMENT OF COUNSEL**
**CORRECTING AND SUPPLEMENTING COMMENTS**
**DURING DECEMBER 13 ORAL ARGUMENT**

1.  On behalf of the NARCO Trust, undersigned counsel writes to clarify statements made during the December 13, 2021 oral argument on the Trust's *Motion for a Protective Order* [Docket No. 125]. Specifically, counsel stated that "the Trust has not changed its policy" regarding its consideration of affidavits that use formulaic language in describing a claimant's exposure to a NARCO asbestos containing product. (Dec. 13 Hr'g Tr. 78:7-9.) That statement, reflected in the hearing transcript that counsel received on December 21, 2021 [Docket No. 164 of Case No. 21-2907; Docket No. 158 of Case No. 21-2096], is inaccurate as a singular statement. Shortly thereafter, undersigned counsel corrected that statement as follows: "The forms are not considered by the Trustee unless there's independent information to support them." (*Id.* at 81:17-19.)

2.  What undersigned counsel intended to convey to the Court, and now seeks to clarify for the record, is that the Trust did not revert to a policy that was the subject of the parties' prior litigation. The Trust updated its policy concerning affidavits that use formulaic exposure language in June 2017 and again in February 2018. Under the Trust's operative exposure directives, the Trust considers formulaic exposure language when it is supported by indicia of credibility. The Trust looks forward to presenting evidence on this issue at trial.

Dated: December 23, 2021
Pittsburgh, Pennsylvania

Respectfully submitted,

BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.

By: */s/ David W. Ross*
David W. Ross, Esquire
PA ID No. 62202
dross@babstcalland.com
Erica Koehl Dausch, Esquire
PA ID No. 306829
edausch@babstcalland.com

Two Gateway Center, 7th Floor
Pittsburgh, PA 15222
Telephone: (412) 394-5400
Fax: (412) 394-6576

- and -

WILLKIE FARR & GALLAGHER LLP

Joseph T. Baio (admitted *pro hac vice*)
Rachel C. Strickland (admitted *pro hac vice*)
Daniel I. Forman (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Philip F. DiSanto (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Fax: (212) 728-8111

*Attorneys for North American Refractories Company Asbestos Personal Injury Settlement Trust*