AIN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

| | |
|---|---|
| ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, et. al. in Case No. 02-20198, as affected by the May 24, 20213 Order Entering Final Decree entered at Doc. No. 7940, | Case No. 15-00204-TPA<br><br>Adv. Proc. No. 21-2097-TPA |
|     Debtors.       / | |
| HONEYWELL INTERNATIONAL, INC.,<br><br>    Plaintiff,<br>v.<br><br>NORTH AMERICAN REFRACTORIES COMPANY PERSONAL INJURY SETTLEMENT TRUST, | Related to Doc. No. 175 |
|     Defendant.       / | |

**AMENDED SUPPLEMENT TO NON-PARTY VINSON LAW'S RESPONSE IN OPPOSITION TO HONEYWELL INTERNATIONAL INC.'S COMBINED MOTIONS TO COMPEL, TRANSFER AND EXPEDITE REGARDING HONEYWELL SUBPOENA AND SUPPLEMENT TO OBJECTION TO AND MOTION TO QUASH HONEYWELL'S SUBPOENA**

Vinson Law, P.A. ("**Vinson**" or "**Vinson Law**"), a non-party to this action, by and through its undersigned attorneys, hereby files this Amended Supplement to Non-Party Vinson Law's Response in Opposition to Honeywell International Inc.'s Combined Motions to Compel, Transfer and Expedite (Doc. No.175-8) ("**Opposition to Motion to Compel**") and Supplement to its Objection to and Motion to Quash Subpoena and Objection to Transfer of Third Party Vinson Law, P.A. (Doc. No. 175-2) (the "**Motion to Quash**"). Those papers were initially filed in the United

States District Court for the Middle District of Florida but have since been transferred to this Court. This Supplement is filed to make several minor corrections in the earlier filings; advise the Court of events since the original filing; and limit the scope of the relief sought by Vinson Law its original Motion to Quash. Vinson Law states as follows:

**A.     Corrections**

Vinson Law would like to make the following minor corrections to its prior filings:

1.     In its Opposition to Motion to Compel at page 6, and its Motion to Quash at page 11, Vinson Law stated that Honeywell is a party in 18 of 24 litigation matters with respect to which Vinson Law has documents responsive to the Honeywell Subpoena. It has since come to Vinson Law's attention that the correct number of litigation matters to which Honeywell is a party is 19 rather than 18 of a total of 25 rather than 24 litigation matters which would be responsive to the Subpoena.

2.     The Opposition to Motion to Compel at pages 12 and 17 and the Motion to Quash at page 8 cite the same case, *In re Bestwall, LLC*; however, the citations provided are inconsistent and some are incorrect. The correct citation for *In re Bestwall, LLC* is 2021 WL 2209884 (D. Del. June 1, 2021).

**B.     Information Already Furnished by Vinson Law**

Honeywell initially sought documents in its possession or to which it already has access, consisting of filings with the NARCO Trust[1] and pleadings filed in cases in which Honeywell itself is a party. In order to assist Honeywell in locating the litigation files, Vinson has provided Honeywell with the names of the various courts, the captions, and the styles of the 19 litigation cases to which Honeywell is a party, thus allowing Honeywell to identify those matters and gain

---

[1] Vinson believes that Honeywell has informally modified the Subpoena to eliminate the request for the NARCO documents to which it has access.

access to all pleadings and discovery in those cases. It is unclear whether this has resolved this aspect of the Subpoena.

### C. Limitation by Vinson Law of the Scope of Its Motion to Quash and Opposition to Motion to Compel

As set forth in its papers, Vinson was given two weeks to respond to a Subpoena affecting 200 of its clients and involving thousands of documents and tens of thousands of pages, with no proposal to reimburse Vinson for its costs and efforts in dealing with the Subpoena. Vinson has now had additional time to reach out to some of its clients, is willing to undertake the following additional actions, and is also, therefore, modifying the scope of the protection it seeks from the Subpoena:

1. Vinson is willing to produce complaints, affidavits, interrogatory answers, and deposition transcripts in digital format in the six litigation cases to which Honeywell is NOT a party, allowing Honeywell to assess any inconsistencies between the sworn testimony in those cases and the NARCO filings by the same asbestos victim; and

2. Vinson is also willing to provide redacted[2] claims forms submitted to other asbestos trusts by those six victims, which will provide Honeywell with over 100 claims forms to compare with those filed with the NARCO trust.[3]

The result of this production would provide Honeywell with litigation information (deposition transcripts, affidavits, etc.) for 25 Vinson claimants that Honeywell can compare

---

[2] The redactions would remove the name of the trust and any other identifying information, which Vinson believes would resolve the confidentiality issue. The redaction process would leave in place, however, the information related to each claimant's exposure history and the type of injury suffered (i.e., mesothelioma, cancer, asbestosis, etc.).

[3] Vinson is amenable to producing redacted claim forms for more than six claimants as long as the total number of claims it is required to produce is reasonable.

against those claimants' NARCO trust filings as well as over 100 other filings with asbestos trusts. It would impose a not insignificant burden on Vinson, which it nonetheless would shoulder. Importantly for Vinson, it would (a) limit the number of client contacts Vinson must make in accordance with Vinson's ethical duties under Florida's ethical rules, (b) limit the amount of professional, paraprofessional, and staff time required to produce and redact the information, (c) eliminate the need to contact other trusts in an effort to get them to waive confidentiality restrictions, and (d) eliminate any actual copying costs by arranging for electronic transmittal.

Dated: January 13, 2022    Respectfully submitted,

*/s/ Joel M. Walker*
Joel M. Walker, Esquire
PA Bar Number 26515
Nye, Stirling Hale & Miller, LLP
1145 Bower Hill Road
Pittsburgh, PA 15243
Telephone: (412) 857-5348
Email: jmwalker@nshmlaw.com

*Attorneys for Vinson Law, P.A.*

4

4874-1387-4697, v. 1