# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Misc. Case No. 15-00204 (TPA) |
| ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, et al. in Case No. 02-20198, as affected by the May 24, 2013 Order Entering Final Decree entered at Doc. No. 7940 | Chapter 11 |
|     Debtors | |
| HONEYWELL INTERNATIONAL INC., | Adv. Proc. No. 21-2097 |
|                 Plaintiff, | Related to Docs: 205, 223 |
| v. | |
| NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST, | |
|                 Defendant. | |

## STIPULATION

Honeywell International, Inc. ("Honeywell") and The Law Offices of Peter T. Nicholl ("Nicholl") have conferred and have agreed to the following resolution with regard to the subpoena served upon Nicholl by Honeywell in connection with the above-referenced action (the "Subpoena"), which is the subject of Honeywell's Motions to Compel, Transfer, and Expedite (the "Honeywell Motions") and Nicholl's Motion for a Protective Order (the "Nicholl Motion"), which are all pending in the above-referenced action. Honeywell and Nicholl stipulate and agree as follows:

1.    Nicholl will produce all documents it submitted to Mazars in connection with all 550 claimants that have been the subject of random or targeted audits. Nicholl will make a

substantial production of documents by February 4, 2022, and shall complete its production by February 11, 2022.

2. Nicholl will produce all exposure affidavits it filed with all other asbestos trusts that are found on the Verus or Trust Online processing facilities for the 88 claimants listed on Schedule C to the Subpoena who have also been subject to a random or targeted audit by Mazars. Nicholl will also produce all exposure affidavits it filed with all other asbestos trusts that are found on the Verus or Trust Online processing facilities for 72 claimants randomly selected from Schedule C claimants who are not encompassed within the 88 claimants. Nicholl is not required to produce affidavits that have been archived or deactivated by the relevant processing facility. Nicholl will begin rolling productions of these documents by February 4, 2022, with a second production to be made by February 11, 2022, and shall complete its production by February 15, 2022.

3. Nicholl will not make any redactions to the documents it produces as described in paragraphs 1 and 2.

4. Nicholl will produce emails and other communications relating to random and targeted audits it had with Mazars between November 1, 2017 and April 30, 2019. Nicholl will begin rolling productions of these documents by February 4, 2022, with a second production to be made by February 11, 2022, and shall complete its production by February 15, 2022. Nicholl will not make any redactions to the documents it produces as described in this paragraph, except to the extent necessary to remove content subject to the attorney-client privilege or work-product doctrine.

5. Honeywell agrees that documents Nicholl produces pursuant to the Subpoena will not be used directly, indirectly, or derivatively, for any purpose other than litigation of Adversary

Proceeding No. 21-2097, including any appeal thereof.

6. Nicholl will designate all documents it produces in response to the Subpoena as Highly Confidential under the Protective Order entered in this case and Honeywell agrees not to challenge such designation.

7. For any documents produced by Nicholl that Honeywell submits to the Bankruptcy Court, Honeywell will redact the information specified by Fed. R. Civ. P. 5.2(a). Honeywell will also move to file any such documents under seal, although Nicholl understands that the ultimate decision concerning sealing is made by the Bankruptcy Court.

8. Nicholl will execute a business records declaration that complies with Fed. R. Evid. 803(6) & 902(11) as to all documents Nicholl produces.

9. Provided that Nicholl complies with these terms, Honeywell will withdraw its motion to compel and Nicholl will withdraw its cross-motion for a protective order. Honeywell will accept the above as full compliance with the Subpoena.

Dated:        January 31, 2022

/s/Michael P. Kruszewski
Michael P. Kruszewski (Pa ID #91239)
QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
2222 W. Grandview Blvd.
Erie, PA 16506
(814) 833-2222
mkruszewski@quinnfirm.com

John J. Calandra (*pro hac vice*)
Guyon H. Knight (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 547-5400
jcalandra@mwe.com
gknight@mwe.com

*Attorneys for Honeywell International Inc.*

/s/Caroline Reynolds
Caroline Reynolds (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M St. NW, Ste. 1000
Washington, DC 20036
(202) 778-1859
creynolds@zuckerman.com

*Attorney for The Law Offices of Peter T. Nicholl*

**SO ORDERED**

_____
THOMAS P. AGRESTI,
U.S.B.J.

4