**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, et al.<br><br>    Debtors.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>    Plaintiff,<br>v.<br><br>NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST,<br><br>    Defendant. | Misc. Case No. 15-00204 TPA<br><br><br><br>Adversary Proceeding No. 21-02097 TPA |

**THE NARCO SETTLEMENT TRUST'S MOTION**
**TO SET THE ORDER OF TRIAL**

The North American Refractories Company Asbestos Personal Injury Settlement Trust (the "Trust"), through its undersigned counsel, respectfully submits this motion (the "Motion") to set the order of trial pursuant to Rules 611 and 1101 of the Federal Rules of Evidence. In support of the Motion, the Trust states as follows:

**RELIEF REQUESTED**

1. The Trust moves to set the order of trial and requests to present its witnesses and evidence first. This adversary proceeding began when the Trust sued Honeywell, and Honeywell sued the Trust, each seeking declaratory and injunctive relief. The Trust seeks relief declaring and enforcing the parties' respective rights and obligations under the Trust Agreement, the TDP, and Section 524(g) of the Bankruptcy Code. (*See* Trust Counterclaims, ECF No. 171 at ¶¶ 131-162.) Honeywell seeks declarations that the Trustees have abused their discretion and that the Trust is

processing claims in a manner that breaches the Trust Agreement and the TDP. (*See* Honeywell Complaint, ECF No. 99 at ¶¶ 217; 231; 238; 243; 263; 270; 272.)

2.  Fundamentally, then, this case is about what the Trust is doing and why. Beginning trial with testimony from the Trust and Trustees about what they have done, and are doing, and why, will lead to a more efficient and coherent presentation of evidence. That context will be helpful for the Court's evaluation of Honeywell's complaints. For example, before hearing testimony from Honeywell's witnesses about why, in Honeywell's view, certain claims should not be paid, Trust witnesses could first explain how the Trust processes claims, what directives the Trustees have issued to the claims processor, and how and why those directives were developed. The Trust anticipates it can affirmatively present that foundational information efficiently with a handful or so of witnesses, each of whom would be subject to cross-examination by Honeywell. The Trust would reserve any further presentation for rebuttal and do so only to the extent necessary to respond to Honeywell's evidence, streamlining the trial and potentially reducing the number of witnesses.

3.  In contrast, beginning the case by jumping straight into Honeywell's allegations that certain specific actions of the Trust violate the Trust's governing documents or constitute an abuse of discretion—without first gaining an understanding of the background or surrounding context for the Trust's operations—would lead to inefficient and disjointed evidentiary presentations. Testimony would start in the middle of the story, and rewind to the beginning only during the Trust's case.

4.  In addition, the Trust filed the first Complaint in this matter on September 20, 2021. See Adversary Proceeding No. 21-2096, ECF No. 2. The Trust subsequently re-pled its claims as

Counterclaims to Honeywell's Complaint for the administrative convenience of the parties and at the Court's invitation.

5. Accordingly, the Court should permit the Trust to present its witnesses and evidence first at trial.

## ARGUMENT

6. This Court has the inherent authority to structure the order of proof in a manner that is most efficient and helpful to the factfinder. *See*, *e.g.*, *United States v. Continental Group, Inc.*, 603 F.2d 444, 456 (3d Cir. 1979) ("the control of the order of proof at trial is a matter committed to the discretion of the trial judge"); *Cox Commc'ns Inc. v. Sprint Commc'ns Co.*, 2017 WL 4848814, at *2 (D. Del. Oct. 26, 2017) ("The court has discretion to realign the parties and to establish an order of proof at trial."). Federal Rule of Evidence 611 expressly provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time . . ." Fed. R. Evid. 611(a); *see also Geders v. United States*, 425 U.S. 80, 86, 96 S. Ct. 1330, 1334 (1976) ("The trial judge . . . may determine generally the order in which parties will adduce proof."); *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 758–59 (8th Cir. 2006) ("To ensure that trial does not proceed higgledy-piggledy, the district court has wide discretion to determine the order in which parties adduce proof.").

7. Rule 611 applies in bankruptcy proceedings. Fed. R. Evid. 1101 ("[The Federal Rules of Evidence] apply to proceedings before . . . United States bankruptcy [ ] judges."); *see also In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992) (upholding bankruptcy judge's exercise of discretion under Rule 611); *In re Ptacek*, No. 16-10279, 2019 WL 4049842, at *18 (Bankr. N.D.

3

Ohio Aug. 27, 2019) (a bankruptcy judge has discretion over the mode and order of examining witnesses and presenting evidence under Rule 611).

8. This Court is therefore empowered to "control the order of witnesses in a manner effective for the ascertainment of truth, and that avoids wasting time." 4 Weinstein's Federal Evidence § 611.02 (2021). "When no harm is shown and when sufficient notice of reordering witnesses is provided, a court may order [specific witnesses] to testify first so that a chronology can be developed early in a trial." *Id*. "In fact, the courts have authority under Rule 611(a) to require the parties to present their cases in chronological order." *Id*.; *cf. Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91 C 6103, 1995 WL 5895, at *3 (N.D. Ill. Jan. 4, 1995) (allowing defendants to go first to "ensur[e] the presentation of evidence to the fact-finder in an orderly and sensible manner").

I. **The Court Should Permit The Trust To Present First At Trial.**

9. Faced with billions of dollars of NARCO asbestos liability, Honeywell struck a grand bargain in the NARCO bankruptcy proceeding: all of its liabilities from NARCO asbestos-containing products would be channeled to the Trust in exchange for Honeywell's agreement to fund the Trust in perpetuity, subject to certain annual dollar limits. Honeywell agreed to give the Trustees the broadest possible powers and discretion to administer the Trust, including "the power to take any and all actions that, in the judgment of the Trustees, are necessary or proper to fulfill the purposes of the NARCO Asbestos Trust" and "any trust power now or hereafter permitted under the laws of the State of Delaware[.]" (Trust Agreement § 3.1(a).)

10. In this action, Honeywell asserts that the Trustees have abused the broad discretion they were given to administer the Trust. (*See* Honeywell Complaint, ECF No. 99 at ¶¶ 217, 231, 238 & 270.) The Trust, in turn, alleges that since the prior litigation and mediation ended,

4

Honeywell has engaged in a campaign to cause the Trust to reject, and claimants to withdraw or even not file, compensable claims by engaging in improper tactics in violation of the Trust Documents and section 524(g) of the Bankruptcy Code.  (*See* Trust Counterclaims, ECF No. 171 at ¶¶ 109; 113; 139; 148; 153.)  Each of these actions is rooted in Honeywell's disagreement with the Trustees' exercise of their broad discretion.

11. In essence, this case is about the Trustees' discretionary decision-making and the future administration of the Trust.  That story begins with an overview of what the Trust has done since dismissal of the initial case, continues with a description of how the Trustees are currently administering the Trust and why, proceeds with Honeywell's claims of abuse of discretion, and concludes with the Court's declaration of the rights and obligations of the parties going forward.  The relevant events and decisions should be presented in a coherent timeline, first by representatives of the Trust, providing a strong foundation for the issues to be adjudicated.  Honeywell can, of course, cross-examine the Trust's witnesses on all relevant issues, and then present its own witnesses to testify—with the benefit of the Trust's testimony of what it is doing and why—about how, in Honeywell's view, the Trust has abused its discretion.

12. On the first day of the August 2015 preliminary injunction hearing, Honeywell presented its case first and called Trustee Schiro as an adverse witness.  The Court observed that it was difficult to understand Honeywell's examination without background:

> THE COURT: Mr. Calandra, you know, you know this cold and the Court does not.  Maybe rather than just jumping into a question and answer with your witnesses you could lay a little foundation, a little background.  Just what does he do as trustee? . . . . Maybe I'm wrong but without having any foundation before us in the record . . . you know it's hard to connect the dots.

(*See* Excerpt of 2015.08.03 Hearing Transcript attached as **Exhibit 1** at 262:16-263:14.)  Particularly given that experience, the Trust should be permitted to present first in this trial.

13. That Honeywell appears as the plaintiff in the caption should not lead to a different result. Rule 611 provides this Court the authority to "control of the order of proof at trial." *See, e.g.*, *Continental Group, Inc.*, 603 F.2d at 456. The order of the parties in the caption is not dispositive. *See Cox Commc'ns Inc.*, 2017 WL 4848814, at *3 (realigning the parties such that defendant presented first at trial); *see also In re Quality Lease & Rental Holdings, LLC*, 2020 WL 1975349, at *1 (S.D. Tex. Apr. 25, 2020) (same).

14. In any event, *the Trust* filed the first Complaint in this matter on September 20, 2021. After hearing Honeywell's motion to dismiss, the Court invited the Trust to file an Amended Answer and Counterclaim in this action (rather than filing an Amended Complaint in the action initiated by the Trust) for the administrative convenience of the Court and the parties. (*See* Adversary Proceeding No. 21-2096, ECF No. 155.) The Trust's acceptance of the Court's invitation to file an Amended Answer and Counterclaim in this action should not prejudice the Trust's ability to present its case first.

## CONCLUSION

15. For the foregoing reasons, the Trust respectfully requests that the Court order that the Trust shall be the first to present its affirmative case at trial.

DATED: April 11, 2022
        Pittsburgh, Pennsylvania

        Respectfully submitted,

        */s/ Erica K. Dausch*
        Erica K. Dausch, Esquire
        PA ID No. 306829
        edausch@babstcalland.com
        David W. Ross, Esquire
        PA ID No. 62202
        dross@babstcalland.com
        BABST, CALLAND, CLEMENTS &
        ZOMNIR, P.C.
        Two Gateway Center, 7th Floor
        Pittsburgh, PA 15222
        Telephone: (412) 394-5400
        Fax: (412) 394-6576

        Joseph T. Baio (admitted *pro hac vice*)
        Rachel C. Strickland (admitted *pro hac vice*)
        Daniel I. Forman (admitted *pro hac vice*)
        Stuart R. Lombardi (admitted *pro hac vice*)
        Philip F. DiSanto (admitted *pro hac vice*)
        WILLKIE FARR & GALLAGHER LLP
        787 Seventh Avenue
        New York, New York 10019-6099
        Telephone: (212) 728-8000

        *Attorneys for North American Refractories*
        *Company Asbestos Personal Injury Settlement*
        *Trust*

## Certificate of Good Faith Conference

Pursuant to Fed. R. Civ. P. 26(c), I hereby certify that counsel for the Trust conferred with counsel for Honeywell in an effort to resolve the dispute without Court action, and that the Trust and Honeywell were unable to reach agreement.

BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
*/s/ Erica K. Dausch*
Erica K. Dausch, Esquire
