IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, *et al.* in Case No. 02-20198, as affected by the May 24, 2013 Order Entering Final Decree entered at Doc. No. 7940<br><br>　　　　　　　　Debtors. | Misc. Case No. 15-00204-TPA<br><br>Chapter 11 |
| HONEYWELL INTERNATIONAL INC.,<br><br>　　　　*Plaintiff*,<br>　v.<br><br>NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST,<br><br>　　　　*Defendant*. | Adv. No. 21-2097 |

**MOTION TO PRECLUDE THE FILING OR ADMISSION INTO EVIDENCE OF
<u>NON-PARTY CLAIMANT LAW FIRM IDENTIFYING INFORMATION</u>**

The North American Refractories Company Asbestos Trust Advisory Committee (the "TAC") and the Future Claimants' Representative ("FCR"), through their undersigned counsel, respectfully submit this motion seeking an order precluding the filing of documents, or admission at trial of evidence, containing identifying information regarding law firms that represent individual claimants, and instead requiring that such information be redacted. In support thereof, the TAC respectfully states as follows:

<u>PRELIMINARY STATEMENT</u>

1.　In this proceeding, neither Honeywell International, Inc. ("Honeywell") nor the North American Refractories Company Asbestos Personal Injury Settlement Trust (the "Trust")

seek any relief or ruling bearing on any individual law firm. Despite this, as matters currently stand, much of the evidence that is to be presented to the Court at trial contains identifying information regarding law firms who have submitted claims to the Trust, including information designated as "Confidential" and "Highly Confidential" under the protective order in this case.

2. All the parties except Honeywell have agreed to redact the identity of claimant law firms. Honeywell has refused to agree to this relief.[1] Moreover, Honeywell has failed to provide a basis for the relevance of the identity of individual law firms. This failure suggests a strategy designed to impugn the integrity of non-parties in this trial for purposes other than informing the Court's decision on the merits.

3. The identities of law firms who have submitted claims are not relevant to the issues before the Court; putting their identifying information into the evidentiary record is unnecessary to Honeywell's case and harmful. Honeywell's allegations here assail the character of claimant law firms and the proceedings will divulge confidential information about the firms. But the law firms are not parties to this matter.

4. It is therefore appropriate to preclude the filing of pleadings or admission of evidence containing unredacted information identifying claimant law firms, and instead require parties to redact such information and, when necessary, assign the firm and its attorneys a designation such as (e.g., "Firm A" or "Attorney 1"). Such a procedure is both fair and will promote efficiency at trial by reducing the amount of sealing that will need to take place.

---

[1] All of the Parties, including Honeywell, have agreed to redact from filings and exhibits offered into evidence any information identifying an individual claimant, such as name, address, and social security numbers.

**BACKGROUND**

5.  On November 18, 2021, the Parties filed the Confidentiality Stipulation and Protective Order (the "Protective Order"). [D.I. 123]. On December 2, 2021, this Court entered an Order approving the Protective Order. [D.I. 143].

6.  Pursuant to the terms of the Protective Order, parties may designate documents, testimony, and other information produced or disclosed in these proceedings as either "Confidential" or "Highly Confidential." Documents so designated may not be disclosed in filed papers, *id.* § 4.13, or in open court, § 4.2.6, absent reasonable notice and an opportunity to seek further protections.

7.  Since the Protective Order was entered, the Parties have produced thousands of documents and taken 23 depositions. Many of the produced documents and most of the deposition testimony have been designated either "Confidential" or "Highly Confidential" pursuant to the Protective Order. The information includes sensitive and confidential information regarding individual law firms, including personal identifying information.

**RELIEF REQUESTED**

8.  The TAC and FCR ask that the Court enter an order (i) precluding the filing of documents, or admission at trial of evidence, containing unredacted information identifying asbestos claimant law firms, such as firm and lawyer names and addresses, and (ii) requiring parties to redact such information and, where necessary, assign the firm and its attorneys a replacement identifier (e.g., "Attorney 1" or "Firm A").[2] The relief requested imposes little burden

---

[2] The movants request that the Parties' agreement to redact claimant identifying information be included in any order on this Motion. Redaction of claimant identifying information is warranted under applicable law, including the law cited herein.

3

other than requiring the participants in the trial to adhere to a form of redaction that they have already agreed to with respect to the identifying information of individual asbestos claimants.

## BASIS FOR RELIEF

9. A common law right of access attaches to documents filed with federal courts, including bankruptcy courts. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, that common law right of access is not absolute and may be overcome by a showing that the interest in confidentiality outweighs that presumption. *Id.* To justify the redaction of a court filing, the movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).[3]

10. Courts in this circuit have recognized that redaction may be appropriate to protect the privacy and reputational interests of those not a party to the litigation before the court. *See Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, No. CV 15-50, 2019 WL

---

[3] Certain courts have recognized that, where certain portions of filings with a court are not directly relevant to the merits of the underlying case they should not be considered a judicial document subject to the heightened "compelling reasons" standard. *See McConnell v. FEC*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process." (internal quotation marks and citation omitted)); *United States v. Snyder*, 187 F. Supp. 2d 52, 62-63 (N.D.N.Y. 2002) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." (internal quotation marks and citation omitted)). In such situations, courts have applied a lower standard to requests to seal or redact documents. *See, e.g., Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *3-4 (N.D. Cal. Nov. 1, 2007) (granting request to redact and seal the certain portions of contracts, email communications, and cites to the same for "good cause" to protect a non-party's privacy interests). While this lower standard arguably applies here, because the information sought to be redacted is not relevant to the merits of the underlying case, the heightened standard is met, as demonstrated below.

1296654, at *6 (W.D. Pa. Mar. 21, 2019) (ordering that document should be redacted of allegations attacking the ethics, character, and business tactics of a third party); *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-CV-2145, 2020 WL 1082712, at *5 (M.D. Pa. Mar. 6, 2020) (ordering documents unsealed subject to narrowly tailored redactions to protect third-party privacy interests).

11. At trial, it is likely that evidence will be presented that implicates these same concerns regarding non-parties' privacy and reputational interests. Honeywell has designated confidential settlement agreements entered into by particular law firms, as well as confidential audit reports discussing particular law firm internal processes and procedures as potential exhibits. Meanwhile, Honeywell asserts there is "rampant fraud" in the asbestos trust and tort system. *See, e.g.*, Complaint ¶ 161, D.I. 99. Honeywell's Complaint accuses law firms and their clients of "improper" conduct. *Id*. ¶¶ 89-90. Honeywell names an individual law firm and implies that the law firm and its clients may be engaging in nefarious behavior. *See id*. ¶¶ 92-95. Honeywell claims at another point that an affidavit submitted by a particular law firm is a "fraud." *Id*. ¶ 136.

12. While the Court may disregard such statements as mere hyperbole, permitting Honeywell to use this Court as a forum for disparaging particular named law firms is simply unfair because those firms are not here to defend themselves. They are not parties to this case. Moreover, the identity of law firms is irrelevant to the actual relief Honeywell seeks in this case, none of which implicates the identity of any particular law firm. *See id.* at 62 (Prayer for Relief). To protect the important privacy rights of non-party law firms, the Court should order that documents or evidence that names individual law firms that have submitted claims to the Trust be filed or accepted into evidence only in redacted form. *Black Bear*, 2019 WL 1296654, at *6.

13. In *Black Bear*, Judge Conti faced issues very similar to the ones presented here. In *Black Bear*, a party sought to seal a report that contained allegations regarding the character and business practices of a non-party. *Black Bear*, 2019 WL 1296654, at *5. In determining that the report should be redacted to protect the privacy interests of the non-party, the court focused on a few key facts. First, the report was the sort of information that courts will protect because its disclosure could subject a non-party to "serious and particularized embarrassment and harm to his personal and business reputation because of the detailed allegations contained in the report about [the non-party's] character and business practices." *Id.* at *5-6. Second, the veracity of the allegations were not actually relevant to the issues before the court and therefore sealing those allegations would not shield from the public the court's reasoning in adjudicating the merits of the dispute. *Id.* at *6. The court further focused on the fact that, as a non-party, the third party would not be able to defend his name at trial. *Id.* at *5. Accordingly, the court concluded that even under the heavier common law standards applicable to sealing documents, while wholesale sealing was not necessary, good cause existed to redact portions of the report in question. *Id.* at *6.

14. Similarly, in the present case Honeywell's allegations impugn the professional character of certain law firms, including their practices. *See supra* ¶ 11. Like in *Black Bear*, the truth of those statements with respect to any particular law firm is not relevant to the issue before the Court—whether the Trust is processing claims appropriately. The name of a law firm is not of consequence in determining whether or not the Trust is processing claims in an appropriate manner. Accordingly, accusations directed to specific law firms are of no consequence to this adversary proceeding.

15. This Court has previously recognized that this action will not involve "looking back" to review the merits of previously-approved claims. Hr'g Tr. 61:8-19; 67:1-10, Dec. 13,

2021. Further, like in *Black Bear*, these law firms are not parties to this action and will not be able to defend their reputations at trial. Allowing Honeywell to enter into the record insinuations regarding specific law firms when they are not present to defend their reputations could deter these firms and others from submitting claims to the Trust for fear they will become a target the next time Honeywell decides to venture down the path of litigation.

16. Indeed, permitting Honeywell to use this forum to attack non-party claimant law firms *in absentia* could have a chilling effect on the submission of claims to the Trust itself. Claimants, both present and future, will be impacted if Honeywell is permitted to accuse individual claimant law firms of improper behavior. The impact would include disruption and delays in processing and payment of claims in the future.

17. Because identifying information regarding law firms is the kind of information that courts will protect and disclosure will work a clearly defined and serious injury to claimant firms and to the Trust itself, cause exists to redact portions of any proposed exhibit that identifies such firms. *Avandia*, 924 F.3d at 672. The proposed relief is narrowly tailored to further the interest in preventing harm to a non-party's business or reputation and therefore proper. *Black Bear*, 2019 WL 1296654, at *6.

18. The relief sought in this motion is also consistent with 11 U.S.C. § 107 as it seeks to prevent the unnecessary dissemination of confidential and/or defamatory information. *See, e.g.*, *In re Associated Cmty. Servs., Inc.,* 547 B.R. 236, 242-43 (Bankr. E.D. Mich. 2016) (striking statements under § 107(b)(2) that negatively reflected on the integrity of a non-party law firm where those statements were not relevant to the lawsuit). *See also In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 760 (D. Del. 2018) (confirming bankruptcy court order

implementing certain procedures to protect the privacy of individuals with asbestos personal injury claims under 11 U.S.C. § 107(c)), *aff'd sub nom. In re AC&S Inc*, 775 F. App'x 78 (3d Cir. 2019).

19.	Granting the motion now, before trial, will streamline the trial proceedings by reducing the amount of sealing that will otherwise need to take place, which is in the best interest of all parties. *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983) (holding that the district court's use of an *in limine* ruling was appropriate because it "was far more efficient than if the rulings were deferred until the trial"), *rev'd on other grounds* 475 U.S. 574 (1986); *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-CV-2145, 2020 WL 1082712, at *5 (M.D. Pa. Mar. 6, 2020) (holding that redacting the names of personnel rather than allowing the wholesale sealing of documents would provide sufficient protection of their interests); *see also Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2021 WL 2451981, at *1 (S.D.N.Y. June 16, 2021) (recognizing that redacting sensitive information is a preferable alternative to sealing an entire document (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)).

## CONCLUSION

The TAC and FCR believe it is important to seek clarity before trial as to how identifying information regarding non-party law firms should be treated. For the reasons set forth above, the TAC and FCR respectfully request that the Court grant this motion and the relief requested herein.

Dated: April 22, 2022
Pittsburgh, Pennsylvania

STONECIPHER LAW FIRM

*/s/George T. Snyder*
George T. Snyder, Esq.
PA ID No. 53525
125 First Avenue
Pittsburgh, PA 15222
Telephone: (412) 391-8510
Facsimile: (412) 391-8522
Email: gsnyder@stonecipherlaw.com

-and-

CAPLIN & DRYSDALE, CHARTERED

James P. Wehner, Esq. (admitted *pro hac vice*)
Todd P. Phillips, Esq. (admitted *pro hac vice*)
Katy Zendeh, Esq. (admitted *pro hac vice*)
George O'Connor, Esq. (admitted *pro hac vice*)
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
E-mail: jwehner@capdale.com
tphillips@capdale.com
kzendeh@capdale.com
goconnor@capdale.com

*Counsel for the NARCO Asbestos Trust Advisory Committee*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
Edwin J. Harron (DE Bar No. 3396)
Sharon M. Zieg (DE Bar No. 4196)
Sara Beth A.R. Kohut (DE Bar No. 4137)
James L. Higgins (DE Bar No. 5021)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: eharron@ycst.com
   szieg@ycst.com
   skohut@ycst.com
   jhiggins@ycst.com

-and-

SHERRARD, GERMAN & KELLY, PC.

Gary Philip Nelson (P.A. Bar No. 27603)
Jennifer P. Richnafsky (P.A. Bar No. 314764)
535 Smithfield Street, Suite 300
Pittsburgh, PA 15222
Telephone: (412) 258-6720
Facsimile:  (412) 261-6221
Email: gpn@sgkpc.com
   jpr@sgkpc.com

*Counsel for the Future Claimants' Representative*