# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, et al.<br><br>    Debtors.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>    Plaintiff,<br>v.<br><br>NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST,<br><br>    Defendant. | Misc. Case No. 15-00204 TPA<br><br><br>Adversary Proceeding No. 21-02097 TPA<br><br>Related to Documents Nos. 123, 143, and 388 |

## JOINT MOTION TO LIMIT PUBLIC ACCESS TO EXHIBIT BE

The North American Refractories Company Asbestos Personal Injury Settlement Trust (the "**Trust**") and Honeywell International Inc. ("**Honeywell**," and together with the Trust, the "**Parties**"), through their undersigned counsel, respectfully request that the Court enter an Order, substantially in the form attached hereto, directing the Clerk to limit public access to one of the Excel files introduced as part of Exhibit BE at the trial conducted by the Court on May 23-26, 2022 (the "**Trial**"), and in support thereof respectfully represent as follows:

### BACKGROUND

1. On December 2, 2021, this Court approved the Confidentiality Stipulation and Protective Order (the "**Protective Order**"), filed by the Parties on November 18, 2021 (Dkt. Nos. 123, 143).

2. Section 4.1.3 of the Protective Order states that, absent consent, "a party wishing to file with the Court any paper or matter that contains Confidential or Highly Confidential Material shall file redacted versions of such material with the Court."

3. Section 107(b) of the Bankruptcy Code ("**Section 107(b)**") states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to . . . confidential research, development, or commercial information."

4. On May 24, 2022, during its direct examination of Dr. William Choi, Honeywell used and moved into evidence a portion of Exhibit BE. (5/24 PM Tr. 31:15-37:21.) That portion of Exhibit BE included an electronic version of an Excel file bearing the Bates stamp TRUST-HW-00215228 (the "**IR Model Excel**"). (*Id.*)[1]

5. On June 8, 2022, the Court entered an order listing the exhibits that each Party admitted into evidence and ordering that "*[o]n or before June 15, 2022*, each Party that admitted an Exhibit into evidence at trial shall file its Exhibits on the docket per the lists as set forth in Paragraphs 3 through 5 of this Order." [Dkt. No. 388].

6. The Parties seek the below relief in compliance with the Protective Order and Section 107(b).

## RELIEF REQUESTED

7. The Parties respectfully request entry of an Order pursuant to the terms of the Protective Order (i) authorizing the Parties to file a redacted version of the IR Model Excel as Exhibit BE on the docket; and (ii) restricting the public from accessing the native, un-redacted copy of Exhibit BE that was provided to the Court during Trial.

---

[1] The portions of Exhibit BE that Honeywell used at trial, moved into evidence, and intends to file are the documents bearing the beginning Bates stamp TRUST-HW-00215214 and the IR Model Excel (as defined above). To the extent that any of the other Excel documents contained in Exhibit BE are deemed admitted, the Parties request the same treatment for those attachments as for the IR Model Excel.

2

**JURISDICTION AND VENUE**

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**BASIS FOR RELIEF REQUESTED**

9. The Parties seek authority to file a redacted version of the IR Model Excel contained within Exhibit BE.

10. The Bankruptcy Code provides this Court with the power to issue orders to protect entities from harm that might result from the disclosure of confidential information. Specifically, Bankruptcy Code section 107(b)(1) states, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11. Bankruptcy Rule 9018, which sets forth the procedure by which a party may request relief under Bankruptcy Code section 107(b), provides that:

> On a motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

12. The Parties believe that the IR Model Excel contains "confidential research, development, or commercial information" under Section 107(b) and constitutes Highly Confidential information as the term is defined in the Protective Order.

13. Specifically, the IR Model Excel contains data and equations used to value Individual Review claims. The data and equations are confidential, proprietary, and not disclosed to claimants or their counsel. The information is commercially sensitive in that disclosure of the

IR Model Excel could significantly impact the administration of the Trust and could have a currently unknowable impact on total payments made by the Trust.

14. Accordingly, the Parties seek an order from the Court (i) authorizing the Parties to file a redacted version of the IR Model Excel as Exhibit BE on the docket; and (ii) restricting the public from accessing the native, un-redacted copy of Exhibit BE that was provided to the Court during Trial.

WHEREFORE, the Parties respectfully request that this Court enter an order, substantially in the form attached hereto, granting the Parties permission to file a redacted version of the IR Model Excel as Exhibit BE on the docket, directing the Clerk to restrict the public from accessing the native, un-redacted copy of Exhibit BE that was provided to the Court during Trial, and granting such other and further relief as this Court deems just and proper.

DATED: June 13, 2022
      Pittsburgh, Pennsylvania

Respectfully submitted,

| | |
|---|---|
| */s/ Michael P. Kruszewski* | */s/ Erica K. Dausch* |
| Michael P. Kruszewski, Esquire | Erica K. Dausch, Esquire |
| PA ID No. 91239 | PA ID No. 306829 |
| mkruszewski@quinnfirm.com | edausch@babstcalland.com |
| Arthur D. Martinucci | David W. Ross, Esquire |
| PA ID No. 63699 | PA ID No. 62202 |
| amartinucci@quinnfirm.com | dross@babstcalland.com |
| QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC. | BABST, CALLAND, CLEMENTS & ZOMNIR, P.C. |
| 2222 W. Grandview Blvd. | Two Gateway Center, 7th Floor |
| Erie, PA 16506 | Pittsburgh, PA 15222 |
| Telephone: (814) 833-2222 | Telephone: (412) 394-5400 |
| Facsimile: (814) 833-6753 | Fax: (412) 394-6576 |
| -and- | -and- |
| Craig S. Primis, P.C. (admitted *pro hac vice*) | Joseph T. Baio (admitted *pro hac vice*) |
| Ronald K. Anguas, Jr. (admitted *pro hac vice*) | Rachel C. Strickland (admitted *pro hac vice*) |
| KIRKLAND & ELLIS LLP | Daniel I. Forman (admitted *pro hac vice*) |
| 1301 Pennsylvania Avenue, N.W. | Stuart R. Lombardi (admitted *pro hac vice*) |
| Washington, D.C. 20004 | Philip F. DiSanto (admitted *pro hac vice*) |
| Telephone: (202) 389-5000 | WILLKIE FARR & GALLAGHER LLP |
| Facsimile: (202) 389-5200 | 787 Seventh Avenue |
| | New York, New York 10019-6099 |
| Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) | Telephone: (212) 728-8000 |
| KIRKLAND & ELLIS LLP | |
| 601 Lexington Avenue | *Counsel for North American Refractories* |
| New York, New York 10022 | *Company Asbestos Personal Injury Settlement* |
| Telephone: (212) 446-4800 | *Trust* |
| -and- | |
| Michael R. Huttenlocher (admitted *pro hac vice*) | |
| McDERMOTT WILL & EMERY LLP | |
| One Vanderbilt Avenue | |
| New York, New York. 10017-3852 | |
| Telephone: (212) 547-5400 | |
| Facsimile: (212) 547-5444 | |
| | |
| *Counsel for Honeywell International Inc.* | |